| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>Alan P. Fox, Esquire<br>CAPEHART & SCATCHARD, P.A.<br>8000 Midlantic Drive, Suite 300 S<br>Mt. Laurel, New Jersey 08054<br>(856) 234-6800<br>Attorneys for Creditor Inspira Medical Center, Inc. | |
| In Re:<br><br>BRIAN W. MEAD,<br><br>        Debtor. | Case No.: 21-17470<br><br>Chapter 7<br><br>Judge:  Hon. Kathryn C. Ferguson |

**LIMITED RESPONSE FILED BY CREDITOR INSPIRA MEDICAL CENTER, INC. TO THE DEBOR'S OBJECTION TRUSTEE'S NOTICE OF PROPOSED PUBLIC SALE OF 116 HALE AVE, WHITE PLAINS, NEW YORK**

Inspira Medical Center, Inc., ("**Inspira**") by and through the undersigned counsel, hereby files this Limited Response to Debtor's Objection to the Trustee's proposed sale of 116 Hale Ave, White Plains, NY, and in support thereof, states:

**PARTIES AND PROCEDURAL HISTORY**

1. Brain W. Mead ("**Debtor**" or "**Mead**") is the debtor in the above-captioned Chapter 7 Bankruptcy Case No. 21-17470-KCF, which was commenced by the filing of a voluntary chapter 11 petition on September 23, 2021 ("**Petition Date**"), which was converted to a Chapter 7 case on November 2, 2021 (the "**Chapter 7 Conversion Date**").

2. Creditor Inspira is a New Jersey non-profit corporation, with its chief executive office located at 333 Irving Avenue, Bridgeton, New Jersey 08302 and is a creditor of Mead within the meaning of 11 USC 101(10), for the reason that it holds a claim against Mead that arose prior to the Petition Date, within the meaning of 11 USC §101(5)(a) and 101(10)(A).

3.  Inspira filed an action against Mead and his company, Touchstone Technology Consulting POS Inc. ("**Touchstone**") in the Superior Court of New Jersey, Law Division, Gloucester County, Docket No. GLO-L-000840-20 (the "**Lawsuit**") for claims asserting breach of contract, unjust enrichment, fraudulent inducement, and violations of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-2 to 210 on the basis of the Debtor's material misrepresentations to Plaintiff and breach of a purchase order for 125,000 level 2 isolation gowns (the "**Purchase Order**") which Touchstone and Mead never filled and could not deliver.

4.  On April 16, 2021, the State Court entered an order granting default Judgment in favor of Inspira and against Mead and Touchstone, jointly and severally, for violation of the New Jersey Consumer Fraud Act in the amount of $703,125.00, plus interest and costs of suit (the "**Judgment**").

5.  On August 26, 2021, the Sheriff of Ocean County levied the Judgment (the "**Levy**") upon Mead's real property located at 6 East 17th Street, Beach Haven, New Jersey 08008 (the "**Beach Haven Property**").

6.  On June 14, 2022, the Bankruptcy Court entered an Amended Order approving the Auction Sale by the Trustee of the Beach Haven Property for a sale price of $1,350,000.00. Upon information and belief, the Trustee is holding approximately $1 million of the sale proceeds for the Beach Haven Property. However, the Trustee has refused to distribute any sale proceeds to Inspira due to the Trustee's refusal to recognize the proof of claim filed Inspira, or the levy made by Inspira for the Judgment against the Beach Haven Property.

7.  On January 14, 2022, Inspira filed a Complaint for Non-Dischargeability against Mead pursuant to sections 523(a) (2) and 523(a) (6) of the US Bankruptcy Code in the above

bankruptcy matter and under Adversary Proceeding N0. 22-01018 (the " **Inspira Adversary Case**").

**8.**  On February 17, 2022, Counsel for Mead filed an Answer and Affirmative Defenses in the Inspira Adversary Case.

**9.**  On February 16, 2022, Inspira filed a proof of claim, asserting a secured claim against Mead's Beach Haven Property for the amount of the Judgment.

**10.**  On August 25, 2022, the Honorable Kathlyn Ferguson enter an order approving a consent order and stipulation of settlement between the Debtor and Inspira in the Inspira Adversary Case ( the "**Inspira Adversary Consent Order**")(a filed copy is attached hereto) which (A) declares the Judgment as non-dischargeable and excepted from any discharge for the debtor under 11 U.S.C 523(a)(6) and (B) afforded the debtor a compromise and settlement of the Judgement so long as the Debtor delivered to Inspira (i) $100,000.00 on or before December 31, 2022 and (ii) $140,000.00 on before December 31, 2023, which payments(if made) would be credit against Inspira's proof of claim in the above captioned Bankruptcy. However, the Debtor has failed to make any payments to Inspira under the Inspira Adversary Consent Order. The Debtor does not have any further rights to compromise the Judgment under Inspira Adversary Consent Order.

**11.**  On or about July 24, 2024, Bunce A. Atkinson, the Chapter 7 Trustee (the "**Trustee**") in the above captioned Mead Bankruptcy matter, filed a Notice of Proposed Sale for real property located at 116 Hale Ave. White Plains, New York( the "**White Plains Property**").

**12.**  Inspira does not oppose the sale of the White Plains Property. However, Inspira files this limited response to the objection filed by Brian Mead, debtor, to the Trustee's motion, which incorrectly summarized the terms and condition of a settlement between the Debtor and Inspira in the Inspira Adversary Case.

## **LIMITED RESPONSE**

1. Inspira does not oppose the sale of the White Plains Property by Trustee.

2. Inspira files this limited response since the Debtor incorrectly represents the terms and conditions under the Inspira Adversary Consent Order. Specifically at paragraph 9 of Mead's Objection, he incorrectly states that he is entitled to a "6 year payout of the settlement" with Inspira. This not true. The Inspira Adversary Consent Order include the opportunity for Mead to pay $340,000 to Inspira under a two-year period ending on December 31, 2023. As mentioned above, Mead has not paid any funds to Inspira under the Inspira Adversary Case.

3. Mead also incorrectly states or implies that Trustee is not required to make payments to Inspira under its proof of claim. This is not true.  The Inspira Adversary Consent Order expressly provides that any settlement or compromise with Mead will not be construed as a waiver or release of Inspira to receive any and all distributions by the Trustee upon Inspira's proof of claim and the right to assert as secured claims against the News Haven Property and sale proceed from the New Haven Property held by the Trustee.

4. Inspira continues to reserve to receive its right to receive any and all distributions by the Trustee upon Inspira's proof of claim and the right to assert as secured claims against the News Haven Property and the sale proceed from the New Haven Property held by the Trustee.

                CAPEHART & SCATCHARD, P.A.
                Attorneys for Creditor Inspira Medical Centers, Inc.

Dated:  August, 27  2024

                By:        */s/ Alan P. Fox*
                      ALAN P. FOX, ESQUIRE

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>William G. Wright, Esq.<br>Alan P. Fox, Esq.<br>CAPEHART & SCATCHARD, P.A.<br>8000 Midlantic Drive, Suite 300 S<br>Mt. Laurel, New Jersey 08054<br>(856) 234-6800<br>Attorneys for Inspira Medical Centers, Inc. | Order Filed on August 25, 2022<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| | Case No.: _____21-17470_____ |
| | Adv. No.: _____22-01018_____ |
| In Re:<br>Brian W. Mead | Hearing Date: _____ |
| | Judge: _____Kathryn C. Ferguson_____ |
| Inspira Medical Centers, Inc.<br><br>        Plaintiff(s)<br>v.<br>Brian W. Mead<br><br>        Defendant(s) | |

## STIPULATION OF SETTLEMENT OF ADVERSARY ACTION AND ORDER APPROVING SAME

The relief set forth on the following pages, numbered two (2) through _____, is **ORDERED**.

**DATED: August 25, 2022**

_____
Honorable Kathryn C. Ferguson
United States Bankruptcy Judge

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | Chapter 7 |
| **Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>William G. Wright, Esq.<br>Alan P. Fox, Esq.<br>CAPEHART & SCATCHARD, P.A.<br>8000 Midlantic Drive, Suite 300 S<br>Mt. Laurel, New Jersey 08054<br>(856) 234-6800<br>Attorneys for Inspira Medical Centers, Inc. | Case No.: 21-17470-KCF<br><br>**Judge: Hon. Kathryn C. Ferguson** |
| In Re:<br><br>Brian W. Mead,<br><br>    Debtor | Adversary No.: 22-01018--KCF |
| Inspira Medical Centers, Inc.<br>       Plaintiff,<br><br> vs.<br><br><br>Brian W. Mead,    Defendant. | |
| | |

**STIPULATION OF SETTLEMENT OF ADVERSARY ACTION AND ORDER
APPROVING SAME**


**The relief set forth on the following pages, numbered two (2) through (6), be and hereby is
ORDERED.**

In re:  Brian W. Mead
Case No.:  21-17470 (KCF)
Adv. Pro. No.:  22-01018 (KCF)
Caption of Order: Stipulation of Settlement and Order Approving Same

## PARTIES

1. Defendant Brain W. Mead ("**Debtor**" or "**Mead**") is the debtor in the above-captioned Chapter 7 Bankruptcy Case No. 21-17470-KCF, which was commenced by the filing of a voluntary chapter 11 petition on September 23, 2021 ("**Petition Date**"), which was converted to a chapter 7 case on November 2, 2021 (the "**Chapter 7 Conversion Date**").

2. Inspira Medical Centers, Inc. ("**Inspira**") is a New Jersey non-profit corporation, with its chief executive office located at 333 Irving Avenue, Bridgeton, New Jersey 08302 and is a creditor of Mead within the meaning of 11 USC 101(10), for the reason that it holds a claim against Mead that arose prior to the Petition Date, within the meaning of 11 USC §101(5)(a) and 101(10)(A).

## PROCEDURAL HISTORY

1. On September 23, 2021, Mead filed a voluntary chapter 11 bankruptcy petition.

2. On October 28, 2021, the U.S. Trustee moved, on short notice, to convert the chapter 11 case to a chapter 7 case.

3. On November 2, 2021, this Court granted the US Trustee's motion and entered an Order converting the Chapter 11 case to a Chapter 7 case.

4. On the same date, this Court appointed Bruce Atkinson as the Chapter 7 trustee (the "**Trustee**") in this Chapter 7 case.

5. On January 14, 2022 Plaintiff, Inspira Medical Centers, Inc., ("**Plaintiff**" or "**Inspira**") by and through the undersigned counsel, filed the Complaint in the above captioned adversary proceed objecting to the dischargability of a debt pursuant to a pre-petition "Judgment" described below.

6. Inspira filed an action against Mead and his company, Touchstone Technology Consulting POS Inc. ("**Touchstone**") in the Superior Court of New Jersey, Law Division, Gloucester County, and Docket No. GLO-L-000840-20 (the "**Lawsuit**") for claims asserting breach of contract, unjust enrichment, fraudulent inducement, and violations of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-2 to 210 on the basis of the Debtor's material

2

In re:  Brian W. Mead
Case No.:  21-17470 (KCF)
Adv. Pro. No.:  22-01018 (KCF)
Caption of Order: Stipulation of Settlement and Order Approving Same

misrepresentations to Plaintiff and breach of a purchase order for 125,000 level 2 isolation gowns (the "**Purchase Order**") which Touchstone and Mead never filled.

7.  On April 16, 2021, the State Court entered an order granting default Judgment in favor of Inspira and against Mead and Touchstone, jointly and severally, for violation of the New Jersey Consumer Fraud Act in the amount of $703,125.00, plus interest and costs of suit (the "**Judgment**").

8.  On August 11, 2021, Touchstone and Mead moved to vacate the default Judgment, which motion was opposed by Inspira.

9.  On August 30, 2021, the State Court denied the motion to vacate the Judgment.

10. On October 13, 2021, Touchstone and Mead appealed from the Order. The appeal is pending in the Superior Court of New Jersey, Appellate Division, under Docket No. A-000471-21(the "**State Court Appeal**").

11. On March 17, 2022, Mead and Inspira (collectively referred to as the "Parties") submitted and the court entered a Joint Scheduling Order in the above captioned adversary case.

12.  On March 17, 2022, the bankruptcy Court entered a Mediation Order and designated Anne Cantwell Esq as the court appointed mediator (the "Mediator") in the above captioned Adversary Case.

13. Counsel for the Parties and the Mediator have engaged in negotiations to settle the above captioned Adversary Case.

**14.** The Parties, with the assistance of the Mediator, desire to jointly settle this Adversary Action and the State Court Appeal subject to the terms and conditions as set forth below and for good caused shown.

NOW THEREFORE, INTENDING TO BE LEGALLY BOUND, THE PARTIES HEREBY AGREE TO AND IT IS HEREBY ORDERED and ADJUDGED as follows**:**

1.  **Consideration.**  In consideration of the promise and covenant contained herein and for other valuable consideration, the receipt and sufficiency of which each of the Parties hereby acknowledges, the Parties agree to settle the above captioned adversary action as set forth below.

3

In re: Brian W. Mead
Case No.: 21-17470 (KCF)
Adv. Pro. No.: 22-01018 (KCF)
Caption of Order: Stipulation of Settlement and Order Approving Same

2. **Non-Dischargability**. The pre-petition judgment debt owed by Mead to Inspira in the sum of $703,125.00, plus interest and costs of suit (the "**Judgment**") is hereby excepted from any discharge pursuant to 11 U.S.C. Section 523 (a)(6).

3. **Settlement of Adversary Case.** The above captioned adversary matter shall be considered settled and closed. Both Mead and Inspira shall be responsible for their own attorneys' fees and cost in this adversary action.

4. **Dismissal of State Court Appeal**. Mead consents and agrees to file a motion to dismiss, with prejudice, the State Court Appeal (which motion may be conditioned upon the Bankruptcy Court's approval and entry if this Consent Order) no later August 30, 2022.

5. **Settlement of Judgment between Inspira and Mead**. Mead and Inspira agrees to compromise and settled the Judgment by Mead delivering to Inspira the sum of $340,000.00 (the "**Settlement Funds**") as full satisfaction of the Judgment upon Mead's strict compliance with the following terms and conditions:

   i. Mead has timely filed the motion to dismiss the State Court Appeal mentioned above. Mead and Inspira agree to be responsible for their own attorneys' fees and cost in the State Court Appeal.

   ii. Mead shall deliver to Inspira the sum of $100,000.00 on or before December 31, 2022 from post-petition assets or post-petition loan(s);

   iii. Inspira receives the balance of the Settlement Funds in the sum of $240,000.00 on or before December 31, 2023, which shall be credited against the payment of the Judgment, whether payable, partially or fully, by (a) Mead or (b) the Trustee to Inspira from net proceeds from the Trustee's sale of the Debtor's residential property located at 6 East 17th Street, Beach Haven, Long Beach Township, New Jersey ("**Beach Haven Property**") as payment towards Inspira's asserted secured lien on the Beach Haven Property and sale proceeds therefrom, or by the Trustees from any distribution(s) made to Inspira.

   iv. In the event Inspira receives the sum of $340,000.00 of the Settlement Funds on or before December 31, 2023, then Inspira shall record or deliver

4

Case 21-17470-KCF    Doc 424    Filed 08/27/24    Entered 08/27/24 13:23:04    Desc Main
Document    Page 10 of 11
In re:   Brian W. Mead
Case No.: 21-17470 (KCF)
Adv. Pro. No.: 22-01018 (KCF)
Caption of Order: Stipulation of Settlement and Order Approving Same

> to Mead a Warrant to satisfy the Judgment in recordable form within 30 days from receipt of the $340,000.
>
> v.   In the event Mead fails to comply with any of the terms and conditions set forth above, then Inspira shall have the right to seek relief from the automatic stay in this matter and take any and all steps to enforce the Judgment.
>
> vi.  Mead acknowledges and agrees that the Judgment shall remain in full force and effect until and unless Mead strictly complies with the terms and conditions of this Settlement of the Judgement as mentioned above.

1. **Reservation of Rights.**  The Parties acknowledge and expressly agree that this Order and the settlement hereunder shall not be construed as a waiver or release for Inspira to receive any and all distributions made the Trustee based upon Inspira's filed proof of claim and the right to a asserting a secured claim against the sale proceeds of the Beach Haven Property in the above captioned chapter 7 case; subject, however, to the Trustee's right to challenge such secured claim and less credit against Inspira's proof of claim filed in this chapter 7 case for any payments received by Inspira from Mead and/or the Trustee towards the Judgment. In the event Inspira receives the full Settlement Funds on or before December 31, 2023, then and only then will Inspira withdraw its proof of claim filed in the above mentioned chapter 7 case.

2. **Settlement Contingent on Bankruptcy Court Approval**. The Parties acknowledge and agree that the terms and conditions of this Settlement and Comprise as set forth above is expressly contingent upon the Bankruptcy court's approval and entering the within Consent Order.

3. **Entire Agreement**. This Order contains all the terms and conditions agreed upon by the Parities and supercedes all other negotiations, representations, and understanding of the Parties, oral or otherwise, regarding the subject matter of this Order.

4. **Severability.**  Should any portion of this Order be judicially determined to be illegal or unenforceable, the remainder of this Order, if entered, shall continue in full force and effect and the Parties may renegotiate the terms affected by the severance.

5

In re:  Brian W. Mead
Case No.: 21-17470 (KCF)
Adv. Pro. No.: 22-01018 (KCF)
Caption of Order: Stipulation of Settlement and Order Approving Same

The undersigned hereby acknowledge, agree and consent to the terms, conditions and entry of the above-mentioned Consent Order and Stipulation of Settlement

Capehart & Scatchard, P.A.
Attorneys for Plaintiff
Inspira Medical Centers, Inc.

By:___/s/ Alan P. Fox_____                    Date: August 25, 2022
        Alan P. Fox, Esquire


Karina Pa Lucid, Esquire
Lucid Law Debt Relief Attorneys
Attorney for Defendant
Brian Mead

By:___/s/Karina Pia Lucid                       Date:  August 25, 2022
     Karina Pia Lucid, Esquire

6