**THE KELLY FIRM, P.C.**
Andrew J. Kelly, Esq.
Stephen A. Schwimmer, Esq.
1011 Highway 71, Suite 200
Spring Lake, New Jersey 07762
(732) 449-0525
akelly@kbtlaw.com
sschwimmer@kbtlaw.com
*Attorneys for the Trustee Bunce D. Atkinson*

| | |
|---|---|
| IN RE:<br><br>BRIAN W. MEAD,<br><br>          Debtor.<br>_____<br><br>BUNCE D. ATKINSON, TRUSTEE FOR DEBTOR ESTATE OF BRIAN MEAD,<br><br>                  Plaintiff,<br>vs.<br><br>INSPIRA MEDICAL CENTER, INC.,<br><br>                 Defendant. | **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY**<br><br>Chapter 7<br><br>Case No. 21-17470 (MBK)<br><br>ADV. PROC. NO.:<br><br>Judge: Hon. Michael B. Kaplan, U.S.B.J. |

<u>**ADVERSARY COMPLAINT**</u>

Plaintiff, Bunce D. Atkinson (the "Trustee"), Trustee for the Estate of the Debtor Brian

Mead (the "Debtor"), by and through undersigned counsel, by way of complaint against Inspira

Medical Center, Inc. ("Inspira"), avers as follows:

<u>**INTRODUCTION**</u>

This is an adversary proceeding brought by the Trustee challenging the extent, validity,

and priority of the claim held by Inspira against a property located at the common address of 6

East 17th Street in Beach Haven, New Jersey (the "Beach Haven Property") due to a pre-petition

Law Division judgment against the Debtor.  For reasons to be described, because Inspira's pre-petition lien was unperfected at the point when the bankruptcy was filed, it is void, and in any case, junior in priority to the Trustee's interest under 11 U.S.C. § 544 et seq.

## JURISDICTION

1. Jurisdiction in this matter exists by virtue of 28 U.S.C. § 1334.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157.

3. Venue in this matter is properly before this Court by virtue of 28 U.S.C. § 1408.

## PARTIES

4. The Trustee is the duly appointed Chapter 7 Trustee in bankruptcy for the Debtor Estate of Brian W. Mead.

5. Upon information and belief, the Defendant Inspira is a New Jersey non-profit health care corporation with chief executive offices located at 333 Irving Avenue Bridgeton, New Jersey, and a creditor of the Debtor.

## FACTS COMMON TO ALL COUNTS

6. On April 19, 2021, Inspira obtained a civil default judgment against the Debtor in the Law Division in the Gloucester County civil matter, GLO-L-840-20, in the amount of $703,125.00, plus interests and costs of suit, and against the entity Touchstone Technology Consulting Ops Inc. ("Touchstone") in the amount of $937,500.00.

7. On May 19, 2021, judgment was entered on the civil docket J-031847-21.

8. On June 17, 2021, Inspira applied for a writ of execution against the Debtor that directed the Sheriff of Burlington County to, in pertinent part:

> satisfy the said judgment out of the personal property of the said
> Judgment debtor within your County; and if sufficient personal
> property cannot be found then, subsequent to your levy and only
> after receipt of an order of the court pursuant to R. 4:59-19(d), out

of the real property in your County belonging to the judgment
debtor(s) at the time when the judgment was entered or docketed.

9.      On July 2, 2021, Inspira applied for an alias writ of execution directed to the

Sheriff of Ocean County with identical language regarding the relief sought.

10.      On July 7, 2021, the Clerk of the Superior Court issued the Burlington County

writ.

11.      On July 20, 2021, the Clerk of the Superior Court issued the Ocean County writ.

12.      On August 16, 2021, the Sheriff of Burlington County levied on the Debtor's

New Jersey bank account in the amount of $5,498.19 (the "Bank Levy").

13.      On August 30, 2021, the state court issued an order denying the motion by the

Debtor and the co-debtor business entity defendant Touchstone ("Touchstone") to vacate the

default judgment.

14.      On September 22, 2021, Inspira filed a motion for turnover of funds from the

Bank Levy.

15.      On September 23, 2021, while the motion to turnover funds remained pending,

the Debtor filed a Chapter 11 bankruptcy petition.  As of this date, upon information and belief,

Inspira had not yet exhausted its attempts to satisfy the debt owed to it out of the Debtor's

personalty located within Burlington and Ocean Counties.

16.      On October 13, 2021, the Debtor and Touchstone appealed the order denying their

motion to vacate the default judgment.

17.      On October 28, 2021, in a general correspondence filed in the state court matter,

Inspira withdrew its motion to turn over funds as to three bank accounts in the name of the

Debtor but maintained its motion for turnover of funds from a fourth bank account in the name

of a business entity codebtor.

18.      On November 2, 2021, the Bankruptcy Court granted the motion by the U.S. Trustee to convert the Debtor's Chapter 11 petition to a Chapter 7 petition.  On the same date that the motion was granted, the U.S. Trustee appointed the Trustee to this case.

19.      On November 5, 2021, about six weeks after the Chapter 11 petition was filed, the state court judge issued an order granting the turnover order as to the codebtor entity's bank accounts only, and released the levy on all bank accounts in the Debtor's name.

20.      There exists no record on the state court civil docket reflecting any motion to levy Debtor's real property, including the Beach Haven Property, following the order granting the turnover of funds pursuant to the Bank Levy.

21.      On January 14, 2022, Inspira filed an adversary complaint against the Debtor to except the debt to Inspira from discharge under 11 U.S.C. § 523(a)(2)(A) and § 523(a)(6).

22.      On January 26, 2022, the Trustee filed a notice of proposed public sale of the Beach Haven Property.

23.      On February 16, 2022, Inspira filed a proof of claim for $713,545.02 in the Chapter 7 matter.

24.      On February 28, 2022, Inspira filed a limited objection to the proposed sale of the Beach Haven Property, raising no objection to the sale but maintaining that its proof of claim against the Beach Haven Property should attach to the sale proceeds.

25.      On April 7, 2022, the Trustee filed a motion to sell the Beach Haven Property free and clear of liens.

26.      On April 21, 2022, Inspira filed another limited objection to the Beach Haven sale, again not opposing the sale, but again asserting that its proof of claim "should attach to the sale proceeds generated from the Trustee Auction" for the Beach Haven Property.

4

27.     On May 11, 2022, the Bankruptcy Court entered an order approving the sale of the Beach Haven Property free and clear of all liens, claims, and encumbrances.

28.     On August 25, 2022, Inspira and the Debtor entered a consent order stipulating to a settlement of the adversary proceedings that, among other things, established that the Debtor's prejudgment debt to Inspira was non-dischargeable, that the Debtor would move to dismiss its appeal of the order denying his motion to vacate, and that Debtor would pay Inspira a total of $340,000.00 by the end of 2023 either with sale proceeds from the sale of the Beach Haven Property or through payments from Debtor.

29.     On August 30, 2022, Inspira's adversary proceeding against the Debtor was closed.

## CAUSE OF ACTION

### FIRST COUNT

### (Establishing Extent, Validity and Priority of Claim and Lien pursuant to 11 U.S.C. §506 and Federal Rule of Bankruptcy Procedure 7001(2) and (9))

30.     The Trustee realleges and incorporates by reference the allegations set forth in the above paragraphs as if more fully set forth herein.

31.     On April 19, 2021, Inspira obtained a civil declaratory judgment against Debtor in the amount of $703,125.00 plus interests and costs.

32.     Per N.J.S.A. 2A:17-1, "[i]n every writ of execution which shall be issued against real estate, the sheriff or other officer to whom  such writ may be directed shall be commanded that he cause to be made, of the goods and chattels in his county of the party against who such execution issues, the debt, damages, and costs or sums of money mentioned in such execution; and that, if sufficient goods and chattels of such party cannot be found in his county, he cause the

whole or residue, as the case may require, of such debt, damages and costs or sum of money to be made of the real estate whereof such party was seized on the day when such real estate became liable to such debt, damages, and costs or sum of money, specifying the day particularly, or at any time afterwords, in the hands of any person then having the same." Ibid.

33.     This statute has been interpreted in case law as "clearly and unequivocally express[ing] the legislative mandate that before the real property of a debtor may be seized and sold, the sheriff shall first levy upon the debtor's goods and chattels located within the county to satisfy the judgments and cost." Raniere v. I&M Investments, Inc., 159 N.J. Super. 329, 335 (Ch. Div. 1978), aff'd, 172 N.J. Super. 206 (App. Div. 1980);  Accord In re Italiano, 66 B.R. 468, 478 (Bankr. D.N.J. 1986).  "A material departure from the positive command of the statute renders the execution void." Raniere, 19 N.J. Super. at 336.

34.     On July 7, 2021 and July 20, 2021 respectively, the Clerk of the Superior Court issued the Burlington County and Ocean County Writs, which required Inspira to "satisfy the said judgment out of the personal property of said judgment debtor within your county; and if sufficient personal property cannot be found, the subsequent to your levy and only after receipt of an order of the Court pursuant to R. 4:59-1(d), out of the property in your county belonging to the judgment debtor at the time when the judgment was entered or docketed."

35.     R. 4:59-1(d) states that if the debtor's personal property is insufficient or cannot be located, the judgment creditor shall file a motion permitting the sale of real property…supported by certification specifying in detail the actions taken by judgment creditor to locate and proceed against personal property. Ibid.

36.     Such a procedure was designed to act as an incentive to encourage the debtor's cooperation while providing a measure of protection against having a home sold for payment of what might well be a relatively small debt. See R. 4:59-1(d) cmt. 4 (2022).

37.     On September 22, 2021, Inspira filed a motion to for turnover of funds on the bank levy.

38.     On September 23, 2021, the Debtor filed for Chapter 11 Bankruptcy. At this time, as evidenced by the outstanding motion to turnover funds, Inspira had not yet exhausted its attempts to satisfy the debt owed to it out of the debtor's personal property located within Burlington County and Ocean County.

39.     A writ of execution upon real property is "void" if "made prior to a good faith attempt to locate and levy upon debtor's personal property. In re Silverman, 6 B.R. 991, 995-96 (D.N.J. 1980).  "The critical inquiry… is whether the judgment creditor made a 'good faith attempt to ascertain the location of the debtor's personal property within the county and suppl[ied] this information to the sheriff along with the writ of execution" In re Mariano, 339 B.R. 334, 348 (Bankr. D.N.J. 2006). The test is not whether all possible measures to locate personalty have been exhausted, but whether the judgment created made reasonable efforts which constitute a "good faith attempt" to locate personalty. Id. at 350.  See also Borromeo v. DiFlorio, 409 N.J. Super. 198, 203-204 (App. Div. 2001) (Noting that not only had the creditor hired an investigator but it also served interrogatories on the debtor who denied having personal assets).

40.     Here, there is no evidence to support that Inspira ever filed a motion to levy real property as required for the perfecting of a lien under R. 4:59-1(d).

41. The record is clear, however, that the motion for turnover of the Debtor's New Jersey property was pending at the time the bankruptcy petition was filed, and accordingly, Inspira had not yet exhausted reasonable efforts too first satisfy the judgment through Debtor's personal property if, at the time of the bankruptcy, Inspira's attempt to obtain access to the personal property was pending before a state court judge.

42. Likewise, the facts undisputably show that Inspira failed to exhaust reasonable efforts to satisfy the Judgment through Debtor's personal property, because Debtor owned personalty located within the Beach Haven Property which was never levied upon by Sheriff of Ocean County, and Inspira never served discovery interrogatories upon the Debtor nor did it conduct a discovery deposition to determine whether the Debtor had personal property sufficient to satisfy the judgment.

43. As such, the writ of execution is void, and as it is premised on unperfected liens, Inspira's $713,545.02 claim against the Debtor's estate is **not** a secured claim.

44. Pursuant to 11 U.S.C. §§ 544 and 545 of the Bankruptcy Code (the "Code"), the Bankruptcy Trustee is authorized to avoid liens over which the Trustee has priority as a hypothetical executing judicial lienholder, as determined under state law. The Trustee is further empowered to avoid the fixing of a statutory lien on property of the Debtor "to the extent that such lien . . . is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser . . . at the time of the commencement of the case, whether or not such purchaser exists." 11 U.S.C. §545(2). Accordingly, because Inspira's writs of execution sought to levy upon the Debtor's real property prior to the completion of and the requisite good faith attempt to locate and satisfy its debt out of the Debtor's personalty within the counties issuing the writs, such writs

are void, such liens are unperfected, and the claims premised on such writs and liens are not secured claims.

**WHEREFORE,** the Trustee demands judgment against Inspira as follows:

a) Requiring Inspira to prove the extent, validity, and priority of its claim and lien $713,545.02 against Debtor's property constituting property of the estate; and

b) Establishing a credit as it relates to Inspira's proof of claim representing any dollar amount received by Inspira pursuant to the settlement agreement between Debtor and Inspira.

c) Determining that Inspira has no valid lien against or other interest in Debtor's Beach Haven Property or any other of Debtor's property constituting property of the estate; and

d) Awarding costs of suit; and

c) Granting such other and further relief as the Court deems just and equitable.

**The Kelly Firm, P.C.**
Attorneys for Plaintiff/Trustee

Dated: August 27, 2024      BY:    _/s/ Stephen A. Schwimmer_

STEPHEN A. SCHWIMMER